5/5/2021 4:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53150705
By: Maria Rodriguez
Filed: 5/5/2021 4:04 PM

CAUSE NO._____

| | | |
|---|---|---|
| KAYLA JACKSON | § | IN THE DISTRICT COURT OF |
|     *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS, LP | § | |
| | § | |
| | § | |
|     *Defendant.* | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Kayla Jackson *("Plaintiff")* files this Original Petition against Defendant Kroger Texas, LP.

### DISCOVERY LEVEL 2

1. Pursuant to Rules 190.1 and 190.2 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 2.

### PARTIES

2. Plaintiff is an individual residing in Harris County, Texas. Plaintiff may be served through the undersigned counsel.

3. Defendant Kroger Texas, LP *("Kroger")* is a foreign partnership doing business in Texas. Defendant Kroger may be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**EXHIBIT A**

## JURISDICTION & VENUE

4. Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of less than $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

5. Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiffs claims occurred in this county.

## FACTS

6. On August 20, 2020, Plaintiff was shopping at Kroger, located at 9919 Westheimer Rd, Houston, Texas 77042. Plaintiff was walking to the self-checkout area of the store. Plaintiff slipped and fell as she approached the checkout station on a clear liquid substance. Plaintiff observed Kroger employees working in the immediate area of the self-checkout stations. No warning signs were posted in the area and Plaintiff was not warned by Kroger employees working in the area of the hazard.

7. No facts suggest that anything Plaintiff did or failed to do in any way caused or contributed to the incident or resulting damages.

8. As a result of the incident, Plaintiff suffered serious injuries.

## CAUSES OF ACTION

9. Plaintiff incorporates all prior paragraphs of this petition here.

10. Defendant Kroger had a duty to act as a reasonably prudent company while operating its store. This includes a duty to properly train its employees and a duty to properly warn its customers of the hazards of its operations and to ensure a reasonably safe environment.

11. Kroger breached its duty to act as a reasonably prudent company and is

**EXHIBIT A**

negligent in at least the following ways:

    (1) failing to warn Plaintiff of hazards that were known of or should have been known of through reasonable inspection;

    (2) failing to properly train its employees;

    (3) failing to adequately supervise its employees;

    (4) failing to instruct its employees to properly manage and clean the space around self-checkout areas;

    (5) failing to implement an adequate safety program to prevent injury to customers such as Plaintiff;

    (6) failing to enforce any existing safety protocols concerning the cleaning and inspection of floors;

    (7) other acts deemed negligent or grossly negligent.

12. Kroger's negligence is both the cause-in-fact and a proximate cause of Plaintiffs damages.

## DAMAGES

13. Plaintiffs damages include injury to her legs, ankles, knees, and other parts of her body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Plaintiff has incurred significant medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence. Therefore, Plaintiff brings suit for the following damages:

    (1) past and future physical pain and suffering;

    (2) past and future disfigurement;

    (3) past and future physical impairment;

    (4) past and future mental anguish; and

    (5) past and future medical expenses.

## DEMAND FOR JURY TRIAL

3

**EXHIBIT A**

14. Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendants be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, atequity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**Leo & Oginni Trial Lawyers, PLLC**

/s/ *John A. Leo*
JOHN A. LEO
State Bar No. 24108200
GEORGE OGINNI
State Bar No. 24108191
3701 Kirby, Suite 1184
Houston, Texas 77098
Office: (713) 280-3204
Fax: (713) 489-9021
John@helpishere.law
George@helpishere.law

**ATTORNEYS FOR PLAINTIFF**

4

**EXHIBIT A**